**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDING, et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| _____ | : | |
| AMERICAN HOME MORTGAGE | : | |
| CORP., | : | Adv. Case No.: 10-50913 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHOWCASE OF AGENTS, L.L.C. and | : | |
| PIERO ORSI, | : | |
| | : | |
| Defendants. | : | |

<u>**OPINION**</u>[1]

CROSS & SIMON, LLC

Michael J. Joyce
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, DE  19899-1380

-and-

Mark D. Belongia
Bruce de'Medici
Elizabeth M. Schutte
BELONGIA, SHAPIRO &
FRANKLIN LLP

YOUNG CONAWAY STARGATT &
TAYLOR, LLC

Sean M. Beach
Curtis J. Crowther
Michael S. Neiburg
Justin H. Rucki
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE   19801

Attorney for Plaintiff
American Home Mortgage Corp.

---

[1] "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ." FED. R. BANKR. P. 7052(a)(3). Accordingly, the Court herein makes no findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Two First Financial Plaza
20 South Clark Street
Chicago, IL  60603

Attorneys for Showcase Agents,
LLC and Piero Orsi

Date: October 13, 2011

Sontchi, J. _C̶f̶o̶h̶S̶h̶t̶c̶_

## INTRODUCTION

American Home Mortgage Corporation ("AHM") initiated this adversary proceeding by filing a complaint against Showcase of Agents ("Showcase") and Piero Orsi (collectively, the "Defendants") asserting claims for turnover, conversion, unjust enrichment, and an accounting almost three years after the incident giving rise to the claims. The Defendants filed a motion (the "Motion") to dismiss arguing that the complaint fails to state a claim upon which relief can be granted, and is barred by the equitable doctrines of laches, waiver, or unclean hands. For the reasons explained below, the Court will grant, in part, and deny, in part, the Motion.

## BACKGROUND

### A.  Factual Background

In 1995, Mortgage First Showcase LLC ("MFS") was formed with two members: Showcase and VJJ Corporation ("VJJ").[2] Orsi, who was the President of both Showcase and VJJ executed an operating agreement under which VJJ would serve as the

---

[2] MFS was in the business of originating mortgage loans.

2

managing member of MFS and the net profits and net losses would be equally allocated between both members.

In 1999, First Home Mortgage Corp. ("FHM") merged with VJJ and acquired VJJ's interest in MFS. In 2000, AHM merged with FHM, and acquired FHM's interest in MFS. As a result of the merger, AHM became the new manager of MFS and, pursuant to the operating agreement, maintained a separate bank account for each member of MFS. Despite the managing member changes, Orsi continued to manage the day-to-day operations of MFS.

Six days before the bankruptcy filing, while AHM was suffering "severe financial distress," Orsi transferred $350,000 from MFS's bank account to Showcase's bank account.  In October 2007 (after the bankruptcy filing), Orsi transferred the remaining funds from MFS's bank account to Showcase's bank account, ultimately closing MFS's account. As MFS's managing member, AHM did not authorize the transfers or the closing of the account and the transactions were not in the ordinary course of MFS's business. In February 2009, this Court confirmed the Debtors' plan of reorganization, which became effective in November 2010.

**B.  Procedural Posture**

In April, 2010, a year following confirmation of the plan, but prior to the plan's effective date, AHM initiated this adversary proceeding, alleging conversion and unjust enrichment, seeking turnover of the transferred funds, and an accounting.

Alternatively, AHM seeks to have the Defendants deemed to hold the transferred funds in a constructive trust for AHM's benefit.

The Defendants filed the motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(f), and 12(b)(6) asserting that the complaint fails to state a claim, does not provide notice of the asserted claims, and is barred by the equitable doctrines of laches, waiver, and unclean hands.  Briefing was completed in July, 2010 and shortly thereafter the Court issued a scheduling order for discovery on the Motion.

Subsequently,  Orsi moved to bifurcate adjudication of the Motion claiming that the ongoing discovery did not relate to him.  Orsi seeks (i) a ruling on his dismissal from the complaint based on the pleadings already submitted or, in the alternative, (ii) a separate schedule and hearing on his dismissal. Orsi alleges that the only issue in the Motion that pertains to him is whether AHM has pled a cause of action against Orsi individually. Orsi claims that it is unfair and unnecessary to await the completion of discovery before adjudicating the Motion as it relates to him.

<u>LEGAL DISCUSSION</u>

A. <u>Pleading Standards Under Fed. R. Civ. P. 8(a)(2) and 9(f)</u>

The Defendants argue that AHM has made only conclusory allegations in the complaint instead of providing facts sufficient to demonstrate an entitlement to relief. Specifically, the Defendants claim that AHM has failed to establish its interest in MFS because it mischaracterized MFS as a joint venture; the alphabet soup of transfers of interest in MFS from VJJ to FHM to AHM were improper; and AHM failed to plead

4

how it is entitled to the assets of MFS. The Defendants also argue that AHM's allegations related to timing are insufficient under federal pleading standards.

1. *Fed R. Civ. P. 8(a)*

Federal Rule of Civil Procedure 8(a) applies to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7008 and requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] The pleading need not state with detail the facts that provide the basis for the claim.[4] "Because Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, more extensive pleading of facts is not required."[5] The pleading is sufficiently specific to withstand a motion to dismiss under Rule 8(a) so long as it provides fair notice of the claim's nature and the grounds for the claim.[6]

Rule 8(a) does not require AHM to prove its interest in MFS nor to establish how it acquired its entitlement to relief. AHM need only provide the Defendants with notice of the claim.  The facts alleged in the complaint provide the Defendants with sufficient notice of the grounds and nature of the actions asserted and, thus, the Motion is denied as to Rule 8(a).

---

[3] Fed. R. Civ. P. 8(a).

[4] *In re Plassein Int'l Corp.*, 352 B.R. 36, 42 (Bankr. D. Del. 2006) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167 (1993)); *In re TWA Post Confirmation Estate*, 305 B.R. 228, 232 (Bankr. D. Del. 2004).

[5] *In re DVI, Inc.*, 326 B.R. 301, 306 (Bankr. D. Del. 2005) (quoting *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004)); *TWA*, 305 B.R. at 232 (granting leave to file an amended complaint after dismissing claim for insufficient facts).

[6] *Plassein*, 352 B.R. at 42 (citing *Leatherman*, 507 U.S. at 167); *TWA*, 305 B.R. at 232.

*2. Fed. R. Civ. P. 9(f)*

Federal Rule of Civil Procedure 9(f) provides that "[a]n allegation of time or place is material when testing the sufficiency of a pleading." "'Rule 9(f) does not require specificity in pleading time and place, but provides only that when specific allegations are made, they are material.'"[7] Timing is not an issue here other than the three year period from the incidents giving rise to the claims and the filing of the complaint. The Motion is denied as to Rule 9(f).

B. <u>Fed. R. Civ. P. 12(b)(6) Failure to State a Claim</u>

The Defendants assert that the complaint should be dismissed because AHM has failed to plead a basis for recovery against both of the Defendants. Federal Rule of Civil Procedure 12(b)(6), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7012, enables a court to dismiss a complaint for failure to state a claim upon which relief may be granted. The purpose of the Rule 12 (b)(6) motion to dismiss is not to decide the merits of the case, but to test the sufficiency of the factual allegations in a complaint.[8] In considering a motion to dismiss filed under Rule 12(b)(6), a court reviews the complaint and any "document integral or explicitly relied on in the complaint."[9]

---

[7] *Jairett v. First Montauk Sec. Corp.*, 203 F.R.D. 181, 186 (E.D. Pa. 2001) (quoting *Borrell v. Weinstein Supply Corp.*, Civ.A. No. 94-2857, 1994 WL 530102 at *3 n. 4 (E.D. Pa. Sept. 27, 1994)).

[8] *In re Uni-Marts, LLC*, 405 B.R. 113, 129 (Bankr. D. Del. 2009) (citing *Twombly*, 550 U.S. at 555); *Plassein*, 352 B.R. at 39; *DVI*, 326 B.R. at 305; *In re Lexington Healthcare Grp., Inc.*, 363 B.R. 713, 715 (Bankr. D. Del. 2007).

[9] *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

The court must accept all of the allegations in the complaint as true and view any inferences drawn from such allegations in the light most favorable to the plaintiff.[10] The moving party bears the burden of persuasion.[11] The court must decide whether the complaint provides sufficient facts to allow the plaintiff the opportunity to offer evidence supporting the claims.[12] Mere recitation of the elements of a claim is insufficient to survive a Rule 12(b)(6) motion to dismiss.[13] The motion to dismiss should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[14]

1. *Count I: Turnover of Estate Property Under 11 U.S.C. § 542*

Section 542 of the Bankruptcy Code provides the cause of action for turnover, which requires an entity in possession of property of the estate to deliver the property, or value thereof, to the trustee.[15] A properly pled complaint asserting a claim for turnover must allege an undisputed right to recover the claimed debt.[16] Turnover is not appropriate where there is a legitimate dispute over ownership of the property.[17]

---

[10] *TWA*, 305 B.R. at 232; *Plassein*, 352 B.R. at 39.

[11] *Plassein*, 352, B.R. at 39.

[12] *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002).

[13] *Twombly*, 550 U.S. at 555.

[14] *Lexington Healthcare*, 363 B.R. at 715 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *TWA*, 305 B.R. at 232.

[15] 11 U.S.C. § 542(a).

[16] *In re Hechinger Investment Co. of Delaware, Inc.*, 282 B.R. 149, 162 (Bankr. D. Del. 2002).

[17] *Lexington Healthcare*, 363 B.R. at 716.

Here, accepting all allegations as true and all inferences in the light most favorable to AHM, AHM has sufficiently pled a cause of action for turnover. AHM alleges that its funds (the "AHM Funds") were held in MFS's account. AHM further alleges that Orsi transferred the entire balance of MFS's account, including the AHM Funds, to Showcase's account and closed MFS's account. AHM alleges that Showcase and/or Orsi are in possession of the AHM Funds and that they have no right to such possession. The complaint fails to indicate or imply any dispute over ownership of the AHM Funds.  While a legitimate dispute may exist, the motion to dismiss is limited to the facts alleged in the complaint. The Motion is denied as to the turnover count.

2.  *Count II: Conversion*

The Defendants argue that AHM fails to state a claim for conversion because AHM shows neither wrongful control over the AHM Funds nor AHM's interest in the account. The Defendants further argue that the AHM Funds were not identifiable chattel because they were commingled in MFS's account. Under Illinois state law, a claim for conversion requires a plaintiff to establish (1) a right to the property at issue; (2) an absolute and unconditional right to the immediate possession; (3) wrongful, unauthorized control over the property; and (4) a demand for possession.[18] In stating a claim for the conversion of money, the plaintiff must show an entitlement to a specific fund, account, or "specific money in coin or bills," not merely a particular amount of

---

[18] *Howard v. Chicago Transit Authority*, 931 N.E. 2d 292, 298 (Ill. App. 1 Dist. 2010).

money.[19] While the money need not be earmarked to support a claim for conversion, it must be "'capable of being described, identified, or segregated in a specific manner.'"[20]

Here, the complaint alleges that AHM owns the AHM Funds and Orsi lacked authorization to transfer the AHM Funds. These allegations create an inference that AHM had a right to the AHM Funds and the immediate possession thereof. The complaint further alleges that Orsi was not the manager of MFS, and that the transfer was not authorized nor in the ordinary course of MFS's business. AHM also alleges that Showcase and/or Orsi are in possession of the funds and that such possession is wrongful. Finally, AHM alleges that it made a demand for return of the funds that was either ignored or refused. The Motion is denied as to the conversion count.

i.    *Personal Liability of an Officer/Director*

The Defendants argue that Orsi cannot be personally liable for conversion by virtue of his position as President of Showcase because even though Showcase is a member of MFS, MFS is a distinct legal entity. The Defendants also claim that AHM has not provided any support for holding Orsi personally liable for the transfer of the funds nor pled an alter ego theory that would permit the piercing of two corporate veils.

Generally, corporate officers are not personally liable for corporate obligations.[21] The issue of an officer's personal liability in conversion "is not an affirmative defense to be raised by [the] defendant, but rather is part of the plaintiff's case to be pled and

---

[19] *Horbach v. Kaczmarek*, 288 F.3d 969, 975 (7th Cir. 2002).

[20] *Prescott v. Allstate Life Ins. Co.*, 341 F.Supp.2d 1023, 1028 (N.D. Ill. 2004) (quoting *Bill Marek's The Competitive Edge, Inc. v. Mickelson Group, Inc.*, 806 N.E.2d 280, 285 (Ill. App. 2004)).

[21] *IOS Capital, Inc. v. Phoenix Printing, Inc.*, 808 N.E.2d 606, 611 (Ill. App. 4th 2004).

proved."[22] Under Illinois law, an officer's liability for conversion is established by proof of active participation in the conversion.[23] To be liable, each element of conversion need not be satisfied by the officer.[24] Personal liability only attaches if the officer actively participated in "the wrongful act *initially giving rise* to the corporation's liability."[25] The corporate officer may be personally liable for conversion even though he does not personally benefit.[26]

AHM need only allege that Orsi actively participated in the act giving rise to the conversion to sustain a cause of action against Orsi individually.  Here, AHM alleges that "Orsi entered the offices of First Chicago [Bank] and, without AHM's knowledge, permission or consent, wrongfully transferred" funds from MFS's account to Showcase's account.[27] The Motion is denied as to Orsi's individual liability for conversion.

### 3.  *Count III: Unjust Enrichment*

The Defendants argue that the unjust enrichment claim should be dismissed because Showcase was authorized to make withdrawals from the account and AHM suffered no detriment because it was not entitled to the funds. "Unjust enrichment is a 'quasi-contract' theory that permits courts to imply the existence of a contract where

---

[22] *Nat'l Acceptance Co. of America v. Pintura Corp.*, 418 N.E.2d 1114, 1116 (Ill. App. 2d 1981).

[23] *Id.* at 1117.

[24] *IOS Capital*, 808 N.E.2d at 611.

[25] *Id.*

[26] *Nat'l Acceptance*, 481 N.E.2d at 1117 (citing 12 C.J.S. Corporations § 849 (1940)).

[27] Complaint at ¶ 32.

none exists in order to prevent unjust results."[28] Under Illinois law, in pleading a claim for unjust enrichment, a "plaintiff must show that the defendant retained a benefit to the plaintiff's detriment, and that the retention of the benefit violates fundamental principles of justice, equity, and good conscience."[29]

Here, AHM alleges that Orsi transferred the entire amount of the funds from MFS's account to Showcase's account, thereby conferring a benefit upon Showcase. AHM further alleges that it suffered a detriment because the "AHM Funds have not been available for AHM's use"[30] and "AHM has suffered and will continue to suffer damage."[31] These allegations raise an inference that allowing the Defendants to retain the benefit of the AHM Funds would be unjust and the Motion is denied as to that count.

### 4.  Count IV: Accounting

The Defendants argue that AHM is not entitled to an accounting because AHM has failed to show the absence of an adequate remedy at law and failed to plead the grounds required to support the alleged need for an accounting. Under Illinois law, an accounting is a claim for equitable relief that requires a plaintiff to allege an absence of a

---

[28] *Cordes & Co., LLC v. Mitchell Cos., LLC*, 605 F.Supp.2d 1015, 1023 (N.D. Ill. 2009) (citing *Hayes Mech., Inc. v. First Indus., L.P.*, 812 N.E.2d 419, 426 (Ill. App. 1st 2004)).

[29] *Id.* at 1023-4 (citing *Hayes Mech.*, 812 N.E.2d at 426).

[30] Complaint at ¶ 54.

[31] Complaint at ¶ 56.

legal remedy and "(1) a breach of a fiduciary relationship, (2) a need for discovery, (3) fraud, or (4) the existence of mutual accounts which are of a complex nature."[32]

Here, AHM alleges that "its remedies available at law are not or may not be fully adequate."[33] AHM further alleges a necessity for discovery to determine the whereabouts of the funds, and that MFS's account was a mutual account of a complex nature. Although the allegation of MFS's account's complexity may be conclusory, alleging a need for discovery is sufficient to support a claim for an accounting. The Motion is denied as to the accounting count.

### 5. *Count V: Constructive Trust*

The Defendants argue that AHM's claim for a constructive trust cannot stand as a separate cause of action. The imposition of a constructive trust is a remedy, not a separate cause of action.[34] To the extent that a plaintiff asserts "a separate claim for a constructive trust, it is superfluous."[35] Dismissal of a constructive trust as a cause of action does not preclude the award of a constructive trust as a remedy.[36] Imposition of a constructive trust may be appropriate once breach of fiduciary duty or actual fraud has

---

[32] *Kempner Mobile Electronics, Inc. v. Southwestern Bell Mobile Systems*, 428 F.3d 706, 715 (7th Cir. 2005) (citing *Mann v. Kemper Fin. Cos.*, 618 N.E.2d 317 (Ill. App. 1992)); *Cole-Haddon, Ltd. v. Drew Philips Corp.*, 454 F.Supp.2d 772, 778 (N.D. Ill. 2006); *3Com Corp v. Electronics Recovery Specialists, Inc.*, 104 F.Supp.2d 932, 942 (N.D. Ill. 2000);.

[33] Complaint at ¶ 58.

[34] *3Com Corp*, 104 F.Supp.2d at 942; *Fujisawa Pharmaceutical Co. v. Kapoor*, 16 F.Supp.2d 941, 952 (N.D. Ill. 1998) ("A constructive trust is an equitable remedy, not an independent cause of action.").

[35] *Fujisawa*, 16 F.Supp.2d at 952.

[36] *3Com*, 104 F.Supp.2d at 942.

been proven.[37] However, a claim for unjust enrichment does not give rise to the imposition of a constructive trust.[38]

Here, the imposition of a constructive trust is asserted as a separate claim for relief and the complaint does not assert any causes of action that would support the imposition of a constructive trust as a remedy at this time. Accordingly, even though the Court, at a later date, may determine that imposition of a constructive trust is an appropriate remedy, the Motion is granted as to this count.

C. <u>Affirmative Defenses</u>

"While most defenses are to be pled affirmatively under the Federal Rules, Rule 12(b)(6) provides that the defense may take the form of a motion to dismiss for failure to state a claim upon which relief can be granted."[39] Generally, an affirmative defense "is not a proper basis to dismiss a claim by a motion to dismiss unless the face of the complaint shows beyond doubt that an affirmative defense is dispositive."[40] The affirmative defense must show with "certainty that the plaintiff would not be entitled to relief under any statement of facts which could be proved in support of the claim."[41]

---

[37] *Id.*

[38] *ABN AMRO, Inc. v. Capital Intern. Ltd.*, 595 F.Supp.2d 805, 850 (N.D. Ill. 2008); *Charles Hester Enter. Inc. v. Ill Founders Ins. Co.*, 484 N.E.2d 349, 354 (Ill App. 5th 1985) (noting that unjust enrichment is not mentioned in precedential cases as one of the criteria that gives rise to the imposition of a constructive trust); *Steinberg v. Chicago Medical Sch.*, 69 Ill.2d 320, 328 (1977) ("In equity a constructive trust may be imposed to redress unjust enrichment where there is either actual fraud or implied fraud resulting from a fiduciary relationship.").

[39] *Continental Collieries v. Shober*, 130 F.2d 631, 635 (3d Cir. 1942).

[40] *ABN AMRO*, 595 F.Supp.2d at 851.

[41] *Continental Collieries*, 130 F.2d at 635.

1. *Laches*

The Defendants assert that AHM's claims should be barred by the defense of laches because AHM waited nearly three years from the time of the transfer before it filed the complaint. The Defendants claim that the delay in initiating the suit caused the Defendants prejudice because they are now required to recover old documents and records.

Whether to apply the equitable doctrine of laches is left to the sound discretion of the court.[42]  Laches is defined as "such neglect or omission to assert a right as, taken in conjunction with lapse of time of more or less duration, and other circumstances causing prejudice to the adverse party."[43]   Although the laches defense was originally only available to refute equitable claims, Illinois courts now recognize that the doctrine also applies to claims at law.[44] Illinois courts have applied the doctrine of laches even where the law provides a statute of limitations.[45]

In asserting this defense, the Defendants must prove an unreasonable delay and undue prejudice resulting from the delay.[46] The delay must "substantially, materially, or seriously prejudice[] the debtors' ability to prepare its defense."[47] Prejudice requires a

---

[42] *In re Midway Airlines, Inc.*, 221 B.R. 411, 458 (Bankr. N.D. Ill. 1998) (citing *Baker Mfg. Co. v. Whitewater Mfg. Co.*, 430 F.2d 1008, 1011-1015 (7th Cir. 1970)).

[43] *Arclar Co. v. Gates*, 17 F.Supp.2d 818, 823 (S.D. Ill. 1998) (citing *Holt v. Duncan*, 180 N.E. 2d 36, 38 (4th Dist. 1962)).

[44] *Lee v. City of Decatur*, 627 N.E.2d 1256, 1259 (Ill. App. 4th 1994)

[45] *Teamsters & Employers Welfare Trust of Ill. v. Gorman Bros. Ready Mix*, 283 F.3d 877, 881 (7th Cir. 2002).

[46] *Case v. Wells Fargo Bank NA*, 394 B.R. 469, 474 (Bankr. E.D. Wisc. 2008).

[47] *Id*.

showing that the delay harmed the ability to prepare a defense by "resulting in documentary evidence or key witnesses no longer being available or witnesses who are available no longer having a recall of relevant facts."[48]

Generally, "the party must have knowledge of the facts upon which his claim is based yet fail to proceed in a timely manner."[49] The defense of laches can be raised in a motion to dismiss if "(1) an unreasonable delay appears on the face of the pleading; (2) no sufficient excuse for delay appears or is pled; and (3) the motion specifically points out the defect."[50]

Here, the complaint, on its face, does not demonstrate an unreasonable delay. The determination of unreasonable delay is left to the discretion of the court. As the Defendants have not cited any case law holding that a delay of two and one-half years is unreasonable *per se*, and the complaint itself does not show an unreasonable delay. While the existence of a statute of limitations does not bar the defense of laches, AHM filed the action well within the limitations periods of all causes of action.[51]

Moreover, the Court takes note of the chaotic nature of the circumstances surrounding the Debtors' bankruptcy filing. The Debtors were in the business of

---

[48] *Id*.

[49] *Senese v. Climatemp, Inc.*, 582 N.E.2d 1180, 1190 (Ill. App. 1st  1991).

[50] *Arclar Co. v. Gates*, 17 F.Supp.2d 818, 823 (S.D. Ill. 1998) (citing *Holt v. Duncan*, 180 N.E. 2d 36, 38 (4th Dist. 1962)).

[51] The Bankruptcy Code does not provide a statute of limitations for turnover. *Midway Airlines*, 221 B.R. at 458. The Illinois statute of limitations provides that actions for conversion, unjust enrichment, and accounting must be brought within five years of the cause of action's accrual. 735 ILCS 5-13-205 ("… actions on unwritten contracts, expressed or implied, … or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.").

investing in mortgage-backed securities that resulted from the securitization of mortgage loans originated by its subsidiaries and other companies. In 2007, as a result of declining real estate prices and increasing defaults on mortgage obligations, the Debtors closed their origination business, terminated the majority of their employees and filed for chapter 11 protection, seeking to sell substantially all of their assets. With the sudden bankruptcy filing and deterioration of the secondary mortgage market, the Debtors were faced with having to referee inter-creditor disputes and manage the influx of creditors' and clients' attempts to exercise remedies against the Debtors while endeavoring to conduct due diligence to determine the value of the bankruptcy estate and successfully sell the assets.

Although the provisions of the Bankruptcy Code afforded the Debtors with certain tools to manage the chaos of the chapter 11 filing, the Debtors were soon faced with a barrage of turnover motions and motions for relief from the automatic stay as well as the need to defend against several objections to the asset sales. Despite being inundated with large amounts of litigation, the Debtors still managed to file the present action within the prescribed statutes of limitation.

The Defendants have not shown there was an unreasonable delay by AHM. Moreover, the circumstances surrounding the Debtors' bankruptcy filing and the plethora of litigation during the bankruptcy proceedings further support the conclusion that the imposition of laches is not certain in this case. The Motion is denied as to the defense of the equitable doctrine of laches.

16

2.  *Waiver*

The Defendants also asserts that AHM waived its right to the AHM Funds by waiting nearly three years to file a suit for their return. "Waiver requires the intentional relinquishment of a known right"[52] through an express agreement or implied from a party's conduct.[53] The defense of waiver requires a showing of: "(1) the existence of a right, privilege, advantage or benefit which may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish such right, privilege advantage or benefit."[54] "'Before a party is deemed to have waived or relinquished a right or remedy available to it under law, a clear and distinct manifestation of such an intent must be found.'"[55]

Here, the complaint fails to allege that AHM waived any of its rights, does not demonstrate any of the elements of waiver nor shows an intent to relinquish any rights. There is certainly no basis at this time to conclude that it is certain the Court will find AHM has waived its claims.  The Motion is denied as to the defense of waiver.

3.  *Unclean Hands*

The Defendants claim that AHM should be barred from recovery because AHM did not properly obtain an interest in MFS, was self-appointed as managing member,

---

[52] *Case*, 394 B.R. at 474.

[53] *City of Chicago v. Chicago Fiber Optic Corp.*, 678 N.E.2d 693, 700 (Ill. App. 1st 1997).

[54] *Midway Airlines*, 221 B.R. at 460.

[55] *Id.* (quoting *American Nat. Bank & Trust Co. v. K-Mart Corp.*, 717 F.2d 394, 398 (7th Cir. 1983)).

and failed to seek recovery of the AHM Funds for nearly three years. The Defendants also argue that AHM should not be allowed to assert an interest in MFS's account because it failed to take action and allowed MFS to be involuntarily dissolved.

The doctrine of unclean hands prevents a party from recovering where the party "engaged in, acquiesced in or benefited from the conduct at issue."[56] "A claim for unjust enrichment may be denied under the doctrine of 'unclean hands' if a plaintiff's recklessness caused his injury."[57] Under Illinois law, an unclean hands defense requires a showing of misconduct by the plaintiff involving the transaction being considered that amounts to "misconduct, fraud or bad faith toward the defendant making the contention."[58]

The Defendants have not established that AHM participated in, consented to or benefitted from the closing of MFS's account.   Again, there is no basis to conclude it is certain the Court will invoke the doctrine of unclean hands and, thus, the Motion is denied as to this issue.

D.  <u>Motion for Separate Adjudication</u>

Orsi claims that adjudication of the Motion should be separated because the only issue that applies to him is whether AHM has pled a claim against Orsi individually. Orsi alleges that delaying adjudication as it relates to him is unfair and unnecessary. As

---

[56] *Cement-Lock v. Gas Tech. Inst.*, 618 F.Supp.2d 856, 888 (N.D. Ill. 2009).

[57] *ABN AMRO*, 595 F.Supp.2d at 850.

[58] *Cunningham v. EquiCredit Corp. of Ill.*, 256 F.Supp.2d 785, 797-8 (N.D. Ill. 2003) (quoting *Baal v. McDonald's Corp.*, 422 N.E.2d 1166, 1171 (Ill. App. 1981)).

the Court is denying the Motion on the merits (except for Count V) as AHM adequately pled causes of action against both Showcase and Orsi the motion for separate adjudication is denied as moot.

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion is granted, in part, and denied in part. Specifically, the Court will grant the Motion as to Count V, which seeks imposition of a constructive trust, and will deny the Motion as to Counts I - IV.   In addition, the Court finds, at this stage, that the affirmative defenses of laches, waiver and unclean hands are not adequately pled.  An order will be issued.